UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EVELIN AYLIN LOPEZ-GUZMAN,<br><br>Defendant. | Case No. 5:26-mj-00019-CDB<br>(S.D. Cal. No. 3:19-mj-24538-KSC)<br><br>ORDER OF TEMPORARY REVOCATION OF RELEASE AND FOR DETENTION PENDING FURTHER PROCEEDINGS |

**Background**

Defendant Evelin Aylin Lopez-Guzman was arrested in this district on a warrant issued by the Southern District of California for her failure to appear for trial in her underlying criminal case as ordered by the court in that District. *See* No. 3:19-mj-24538-KSC (S.D. Cal.).

On May 11, 2026, Defendant appeared through appointed counsel for an initial appearance in this Court, as the District of arrest, pursuant to Federal Rules of Criminal Procedure 5(c)(3) and 40.

Defendant was advised of the arrest warrant and of her rights, including her right to remain silent and her right to an identify hearing in this district. Having been so advised, and after conferring with appointed counsel, Defendant knowingly and voluntarily waived any rights she had to an identity hearing.

Prior to the initial appearance, the Court and parties received reports from the Pretrial Services Office that summarized the procedural posture of the case, Defendant's criminal history, and the nature of Defendant's alleged failure-to-appear for trial.

**Discussion**

Defendant originally was arrested and appeared in the Southern District of California on December 3, 2019, on arrest warrant issued by that District on a criminal complaint charging her with violation of 8 U.S.C. § 1325(a)(1), Improper Attempted Entry by an Alien. *See* No. 3:19-mj-24538-KSC (S.D. Cal.).  Defendant ultimately was released on bond.  On July 6, 2020, she signed an acknowledgment that she was required to appear for trial on September 25, 2020.  *Id.* (Doc. 27).  However, she failed to appear and the instant bench warrant was issued.

Pursuant to Rule 40(c), a court may modify any previous release or detention order issued in another district but must state its reasons for doing so in writing.  Here, because the request by counsel for Defendant – that Defendant be transported to the Southern District of California for all further proceedings – would require a change (*i.e.,* temporary revocation) of her bond and release, the Court was prepared to proceed with a detention hearing under Rule 40(c).  *See, e.g., United States v. Turner*, 2023 WL 2401581, *2 (W.D.N.C. Mar. 8, 2023); *United States v. Garraway II*, 2022 WL 14752697, *1 (S.D. Tex. Oct. 25, 2022).  *Accord United States v. Martin*, 2022 WL 4370447, *3 (N.D. Tex. Sept. 21, 2022) ("the magistrate judge in the district of arrest should, pending the revocation hearing, either order detention or decide on conditions of release and should do so after a hearing on those matters.").

As addressed on the record during Defendant's initial appearance, because counsel for Defendant requested that any detention hearing proceed in the Southern District of California, pursuant to Rule 40(c), the previously entered release order should be modified to permit temporary detention of Defendant while she is transported to that District for further proceedings.

///

///

///

2

**Conclusion and Order**

ACCORDINGLY, based on the totality of these considerations, Defendant is remanded to the custody of the United States Marshal pending her anticipated transportation to the Southern District of California for further proceedings.

IT IS SO ORDERED.

Dated:    **May 11, 2026**

_____
UNITED STATES MAGISTRATE JUDGE